## DORMAN *v.* BROADWAY R. CO.

*(City Court of Brooklyn, General Term.    June 24, 1889.)*

1. STREET RAILROADS—NEGLIGENCE—PROVINCE OF JURY.

Plaintiff's intestate, a boy 10 years old, attempted to cross the street obliquely in front of a moving street-car. When within about two feet of the horses' heads he fell, and was run over by the car, and killed. One witness testified that the boy started to cross the street at a point about 25 feet in front of the car. Another saw him fall about two feet in front of the horses. The distance from the horses' heads to the front wheel of the car was about 19 feet, and experts testified that a car going at the rate this one was could be stopped within a distance of from 6 to 12 feet. A passenger testified that the car was stopped suddenly, and with a jerk. The driver testified that he did all he could to prevent the accident. *Held,* that the questions of negligence and contributory negligence were properly submitted to the jury.

2. JURY—CHALLENGES—WAIVER.

After 12 jurors had taken their seats, but before they were sworn, plaintiff's attorney examined them, and stated that he was content with the jury "as then constituted." The defendant then peremptorily challenged two jurors, whose places were supplied. *Held,* that plaintiff's attorney had not waived his right to then challenge peremptorily one of the original panel.

Appeal from trial term.

Argued before OSBORNE and VAN WYCK, JJ.

*William M. Ingraham,* for appellant.    *James & Thomas H. Troy,* for respondent.

OSBORNE, J.   This action was brought to recover damages for alleged negligence in running over, and thereby causing the death of, George Dorman, a son of plaintiff, aged 10 years, on July 29, 1887. It appears from the testimony that on the evening in question deceased, who was engaged in distributing "score-cards" of sporting events, was hurrying along Ralph avenue, about 8:10 P. M. He stopped at the north-west corner of Ralph and Gates avenues, and from there proceeded south, along Ralph avenue, on the west side of that avenue, until he arrived at a point variously stated by the witnesses to be from 50 to 80 feet north of Monroe street. At that point he started to cross Ralph avenue in an oblique direction, and, when within about two feet of the heads of the horses of defendant's car, which was moving northerly on the east track, he stumbled and fell, and was run over by the forward wheel of the car, and killed. Plaintiff obtained a verdict of $2,500. From the judgment entered thereon, and the order denying a motion for a new trial, as well as from the exceptions taken on the trial, defendant appeals.

Before proceeding with the examination of the case, we are called upon to consider an exception taken at the outset of the trial to the ruling of the learned trial judge allowing plaintiff's counsel to peremptorily challenge a juror under the following circumstances: After 12 jurors had taken their seats, but had not been sworn, counsel for plaintiff, in accordance with the usual practice, proceeded to examine the jurors, and then stated that he was content with the jury "as then constituted." Thereupon counsel for defendant peremptorily challenged two of the jurors, and their places were supplied. Counsel for plaintiff, not having exhausted his peremptory challenges, then challenged peremptorily one of the jurors who was in the panel before defendant's counsel had availed himself of his right to challenge peremptorily. Defendant's counsel objected, on the ground that plaintiff's counsel had waived his right, which objection was overruled, and an exception taken. This exception was not well taken. Plaintiff's counsel had not waived any of his rights. He had only expressed himself as content with the jury "as then constituted," leaving it plainly to be inferred that he reserved any rights that he had in case the jury as a whole should thereafter be differently constituted. Nor did defendant's counsel ask any direction from the court that plaintiff should exhaust his right to peremptorily challenge in the first instance. In-

deed, we think it would not have been proper for the court to compel him to do so. We can readily see how, by supplying two new jurors in place of those challenged by defendant's counsel, the complexion of the jury might be so changed, as, for instance, by what plaintiff's counsel might consider an undue preponderance of one nationality or creed, that counsel might deem it wise to exercise the right which the law gave him, and which he had not surrendered.

The leading exceptions taken by defendant's counsel on the trial are to the refusal of the court to grant the motion to dismiss the complaint at the close of the plaintiff's case, which motion was renewed at the close of the testimony, and again denied, and exception taken. The motion was based on the grounds of lack of proof of deceased's freedom from contributory negligence, of negligence of the deceased, and the absence of proof that defendant or its servants were guilty of negligence. Plaintiff's proof was to the effect that deceased was seen by a witness, who was standing on the north-east corner of Ralph avenue and Monroe street, coming along the west side of Ralph avenue. When about 75 or 80 feet from Monroe street, deceased started to cross Ralph avenue a little obliquely. At that time defendant's car had passed the witness on the corner, and had gone on about 50 feet. This witness' further view of deceased was then obscured by the car, which was moving rapidly, and he saw nothing more of him till the accident happened. Another witness, a passenger on the car, testified that he first saw deceased when he was in the act of falling, about a couple of feet in front of the horses. It further appeared that the distance from the horses' heads to the front wheel of an open car such as this was is 19 feet; and one car-driver testified that a car going along about 6 miles an hour could be stopped inside of 6 feet, while another testified that it could be stopped inside of 12 feet. It was also shown that the car was lighted, and that there was a lamp-post on the corner of Gates avenue, another on the corner of Monroe street, and another in the middle of the block, a few feet from where the deceased started to cross Ralph avenue. While, in an action for negligence, the plaintiff is bound to show his own freedom from negligence to entitle him to recover, yet it may be inferred from the nature of the accident and the circumstances of the case. It is well settled that the court cannot be called on to weigh evidence where it is of such a character that the minds of persons might reasonably differ as to the facts to be deduced therefrom. In such a case it becomes a question for the jury to consider. Let us apply this rule to the plaintiff's evidence. The block between Gates avenue and Monroe street was 200 feet long. Assuming that the car was 50 feet north of Monroe street, as testified to, and that deceased attempted to cross Ralph avenue 75 feet north of Monroe street, he would have had ample time and space to have safely crossed, if he had not fallen. Again, it was proven that the distance from the horses' heads to the car-wheels was 19 feet, and that a car going as this one was could be stopped within a distance of from 6 to 12 feet. Might not the jury fairly and reasonably infer from the evidence that deceased was free from contributory negligence; that defendant was negligent; that, if defendant's driver had been careful and attentive to his duties, he could have stopped the car before the wheels reached the boy's body? The evidence, it seems to us, was of such a character as to require its submission to the jury with proper instructions. The testimony on behalf of the defendant as to the accident was confined to the evidence of the driver and a passenger on the car. The latter testified that the car was stopped suddenly, and with a jerk. The driver gave his version of the occurrence, and claimed that he was doing his duty, and that he did all he could to prevent the accident. There was presented no such preponderance of proof as would have justified the court in dismissing the complaint at the close of the testimony. The credibility of the driver's evidence, under all the circumstances, was a question for the jury to weigh, and it was the jury's province to decide just what weight it was entitled to. The exceptions at folios 75 and 76 are untenable. We

think the questions objected to were proper under cross-examination, for the purpose of enabling the jury to determine what the driver's ideas of his duty were; but, even if this were not so, as the driver testified that he did what he conceived to be his duty, the defendant was not prejudiced thereby. We have considered the exceptions to the various refusals of the court to charge as defendant's counsel requested. None of them appear to us to be well taken. The law covering the case was very fully and carefully presented to the jury by the learned trial judge, and there was no error in his refusals to charge as requested. For the reasons above stated, we are of the opinion that the judgment and order denying motion for a new trial should be affirmed. Judgment and order denying motion for a new trial affirmed, with costs.

VAN WYCK, J., concurs.